IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>v.<br><br>ALFRED BIGELOW, et al.,<br><br><br><br>   Defendants. | MEMORANDUM DECISION AND ORDER AFFIRMING IN PART AND OVERRULING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION<br><br>Case No. 2:19-CV-107-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

   This case was assigned to United States District Court Judge Dale A. Kimball, who then referred the case to United States Magistrate Judge Cecilia M. Romero under 28 U.S.C. § 636(b)(1)(B). On June 15, 2021, Magistrate Judge Romero issued a Report and Recommendation [ECF No. 82], recommending that the motions to dismiss [ECF Nos. 19, 21, 24, 43, and 58] be denied in part as to the Third Cause of Action against the Individual State Defendants, Therapist Defendants, and Polygraph Defendants in their individual capacities, and that the motions to dismiss be granted in all other respects. Specifically, Magistrate Judge Romero recommends that: (1) Plaintiff's First, Second, Fourth, Sixth, and Seventh Causes of Action be dismissed without prejudice against State Defendants Burr, Haddon, Patterson, Sorenson, Bigelow, and Turley in their individual capacities and dismissed with prejudice against those defendants in their official capacities, all remaining State Defendants, Therapist Defendants, and Polygraph Defendants in their individual and official capacities; (2) Plaintiff's Third Cause of Action be dismissed without prejudice against State Defendants Burr, Haddon,

Patterson, Sorenson, Bigelow, and Turley in their individual capacities, dismissed with prejudice against the Individual State Defendants, Therapist Defendants, and Polygraph Defendants in their official capacities, and dismissed with prejudice against the Institutional State Defendants; (3) Plaintiff's Eighth Cause of Action be dismissed without prejudice against the Individual State Defendants in their individual capacities, dismissed with prejudice against the Individual State Defendants in their official capacities and the Institutional State Defendants; and (4) Plaintiff's Ninth Cause of Action be dismissed without prejudice.

The Report and Recommendation notified Plaintiff that any objection to the Report and Recommendation must be filed within fourteen days of receiving it.  The parties filed objections, oppositions to opposing parties' objections, and replies in support of their own objections.  The court considers the objections fully briefed.

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court.  *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).  The court has reviewed the Report and Recommendation and the record *de novo* along with the parties' objections and related briefing.

Plaintiff objects to the Report and Recommendation, arguing that his First Amendment claims are not time barred because they did not accrue until at least 2016, they could not be brought until his release from prison in August 2017, they survive under the continuing violation doctrine, and equity demands that the court deem them to be deemed.  Plaintiff also contends that his state law claims survive for similar reasons.  However, despite these objections, the court concludes that Magistrate Judge Romero properly determined that Plaintiff's First Amendment retaliation and state law claims were not tolled by the *Heck* doctrine or any other equitable doctrine and that the applicable statutes of limitation bar those claims.  The court agrees fully

with Magistrate Judge Romero's analysis of these issues and adopts them as the order of the court.

Plaintiff also objects to the Magistrate Judge's determination that he lacks standing to seek declaratory and injunctive relief under his First Cause of Action. However, the court agrees that he has not shown any "continuing, present adverse effects," or a reasonable or credible fear of injury. Plaintiff has been paroled since August 2017, the order granting parole states that it will not be considered a violation of parole if Plaintiff refuses to answer questions that carry the risk of incrimination, and he makes no allegation that he has been required to disclose incriminating information since his release. The court, therefore, finds no basis for Plaintiff's objection to the Report and Recommendation. Because the court agrees fully with Magistrate Judge Romero's analysis of these issues, it adopts it as the order of the court.

The State Defendants object to the Report and Recommendation's determination that the *Heck* doctrine tolled the statute of limitations on Plaintiff's Fifth Amendment claim and that factual issues preclude the court from granting Defendants qualified immunity at the motion to dismiss stage.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court created an exception to when a Section 1983 cause of action begins to accrue for cases in which an inmate is collaterally attacking his conviction or sentence. *Id.* at 487. The *Heck* doctrine only bars a civil rights claim when that claim would result in an immediate or earlier release. "[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). The Tenth Circuit has applied the *Heck* doctrine in some actions challenging parole revocations that necessarily imply the invalidity of the parole revocation . *Crow v. Penry*, 102

F.3d 1086, 1087 (10th Cir. 1996).  But when, at most, prisoners would receive new parole hearings, "at which parole authorities may, in their discretion decline to shorten the prison term," constitutional challenges to those proceedings do not fall within the core habeas relief and can proceed under Section 1983.  *Wilkinson*, 544 U.S. at 81.

Under the facts of the present case, *Heck* did not bar Plaintiff from pursuing a Section 1983 action regarding the alleged Fifth Amendment violation because success on the Fifth Amendment issue would not alone reverse the parole revocation.  Plaintiff contends that his challenge to his parole revocation only involves a Fifth Amendment challenge.  But Plaintiff's Complaint discusses the fact that the therapists in Plaintiff's program and the Parole Board considered more than Plaintiff's failure to answer questions during therapy.  And, the parole violation report, attached to the Complaint, notes that Plaintiff had not fully grasped the impact of his crimes, was defensive, failed his polygraph, minimized his sexual encounters, displayed a lack of emotional connection to his crime, and did not demonstrate the ability to acknowledge emotions during therapy.  Plaintiff cannot ignore the facts in his Complaint demonstrating that the Parole Board could have looked at any of these issues and decided to revoke his parole.  Even if this court were to rule favorably on his Fifth Amendment challenge, this court's decision could not reverse the parole revocation as a matter of law.  Parole decisions concerning an offender committed to a Utah correctional facility are entirely within the discretion of the Utah Board of Pardons and Parole.  Utah Code Ann. § 77-27-5(1)(b).  Because ample bases existed for revoking parole besides Plaintiff's assertion of Fifth Amendment rights, and the Parole Board is allowed to determine which factors it relies on in making parole decisions, Plaintiff's Fifth Amendment claim would not result in his immediate or shortened release.

Therefore, the court concludes that where, as here, the ultimate parole decision is discretionary and based on many factors, *Heck* is not a barrier to an inmate pursing a Section 1983 action challenging the constitutionality of one aspect of that decision. Success on the Fifth Amendment issue would not allow this court to find, as a matter of law, that the parole revocation was in error or reinstate Plaintiff's parole. Therefore, *Heck* was not a barrier, and Plaintiff should have been able to challenge the alleged Fifth Amendment violation when it occurred without waiting for a favorable habeas decision overturning his parole revocation. Accordingly, Plaintiff's Section 1983 action on the alleged Fifth Amendment violation began to accrue at the time of the alleged violation and his present challenge is time barred by the applicable four-year statute of limitations. *Arnold v. Duchesne Cnty.*, 26 F.3d 982, 985 (10th Cir. 1994).

The court's determination on this issue reverses the Magistrate Judge's determination on Plaintiff's Fifth Amendment claim under the Third Cause of Action against the Individual State Defendants, Therapist Defendants, and Polygraph Defendants in their individual capacities. Because Plaintiff's Fifth Amendment claim is barred by the statute of limitations, the court dismisses the Third Cause of Action against all the Defendants it is asserted against. The court affirms and adopts Magistrate Judge Romero's June 15, 2021 Report and Recommendation [ECF No. 82] in all other respects.

DATED this 7th day of October, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge